# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**JENNIFER JOHNS,**
**Claimant Below, Petitioner**

**FILED**

February 3, 2017
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 16-0187** (BOR Appeal No. 2050535)
(Claim No. 2014008533)

**THOMAS HEALTH SYSTEMS, INC.,**
**Employer Below, Respondent**

### MEMORANDUM DECISION

Petitioner Jennifer Johns, by Patrick K. Maroney, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Thomas Health Systems, Inc., by Timothy E. Huffman, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated February 3, 2016, in which the Board affirmed a May 19, 2015, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's August 13, 2014, decision which closed the claim for temporary total disability benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Johns, a certified nursing assistant, was injured in the course of her employment on September 15, 2013, when a patient fell on her neck. The record indicates the claim was held compensable for cervical sprain/strain. The employees and physician's report of injury indicates Ms. Johns suffered a neck sprain after a patient fell on her. Treatment notes from Saint Francis Hospital emergency room indicate Ms. Johns was diagnosed with a neck sprain. A cervical CT scan showed degenerative changes.

1

Ms. Johns has a long history of cervical spine problems. August 30, 2011, treatment notes from Boone Memorial Hospital emergency room indicate she was seen for ongoing neck pain for eight months that had worsened in the last week. She reported numbness, redness, and burning in her hands. On September 9, 2011, she sought treatment at Boone Memorial RHC for neck pain and chronic back pain. She was diagnosed with cervicalgia. September 14, 2011, treatment notes from MedExpress indicate Ms. Johns was treated for pain in the neck and arm that radiated into the left shoulder. She reported a lifting injury involving her neck. She was diagnosed with neck pain. She sought treatment that same day from Boone Memorial Hospital emergency room where she was assessed with a cervical sprain.

On September 19, 2011, Ms. Johns was treated at Boone Memorial Hospital Medical Clinic for a lifting injury involving her neck. She stated that she was lifting a patient and had sudden pain in her neck. She was diagnosed with cervical strain. She was treated with physical therapy and medication. On October 5, 2011, she reported that her neck pain had increased. Moving her neck caused numbness and pain. She was diagnosed with neck pain secondary to cervical strain with possible nerve impingement or encroachment. On October 17, 2011, an MRI showed bulging discs at C3-4, C5-6, and C6-7. Finally, on September 10, 2013, five days before the compensable injury in this claim, Ms. Johns was treated at MedExpress for fever, cough, congestion, pain, and neck pain. It was noted that she had a bulging disc in her neck for three years and chronic neck pain. She was diagnosed with neck sprain and respiratory infection.

Ms. Johns underwent treatment at Charleston Physical Therapy Solutions from September 25, 2013, through October 24, 2013, for the compensable injury in this claim. The notes indicate she presented with decreased and painful cervical range of motion. The symptoms suggested a displacement within the cervical spine referring symptoms to the left shoulder. Ms. Johns completed six physical therapy visits and reported that she was pain free with full function at the last visit.

Ms. Johns regularly sought treatment at MedExpress. A note dated October 13, 2013, indicates she was seen for pain in her neck and numbness and weakness in her extremities. The note indicates this was an exacerbation of a chronic issue. On November 12, 2013, she was seen for pain in her neck and back that radiated to her left leg. She reported an old injury in which she fractured vertebrae of the cervical spine. She stated that her pain was not severe. She was assessed with lumbar sprain/strain, neck sprain/strain, radiculopathy of the arm, paresthesia, and radiculopathy of the leg. On December 4, 2013, Ms. Johns was treated for neck pain. She was diagnosed with neck sprain and instructed to return to work with no restrictions.

On January 5, 2014, Ms. Johns sought treatment at Saint Francis Hospital emergency room for ongoing neck pain. She noted that she turned her head to the right at work that day and her neck just popped. X-rays of the cervical spine showed mild degenerative changes, more prominent at C5-6, with posterior osteophyte formation. She was diagnosed with neck sprain. On January 9, 2014, Ms. Johns was treated at MedExpress where she was diagnosed with radiculopathy and released to return to work on modified duty on January 10, 2014.

2

An application for temporary total disability benefits was submitted on January 14, 2014, indicating Ms. Johns was temporarily and totally disabled from January 9, 2014, through March 9, 2014, due to cervical radiculopathy. It was also indicated that she needed a neurosurgical referral and a cervical MRI. A January 16, 2014, cervical MRI revealed mild degenerative changes, osteophyte disc complex at C2-3, a small paracentral disc protrusion at C5-6, and a small annular tear at C6-7.

Ms. Johns was next treated at Hope Clinic. Notes indicate she still had severe neck pain on March 17, 2014. The assessment was C5-6 herniated disc with annular tear and spinal stenosis. She was referred to neurology. On April 10, 2014, a return to work report from MedExpress indicates Ms. Johns was placed on modified duty as of April 10, 2014. Her diagnoses were listed as radiculopathy, neck pain, and cervical disc displacement. On April 14, 2014, Ms. Johns stated in a treatment note by Hope Clinic that her medications still were not working. The assessment was degenerative disc disease, osteoarthritis, whiplash, and neck pain. An authorization request was submitted by Hope Clinic for a referral to a neurosurgeon for ongoing medical problems related to the September 15, 2013, work injury. A final request was made by David Ferrell, M.D., from MedExpress, on April 29, 2014, for a neurosurgical consultation based on Ms. Johns's symptoms and MRI.

Prasadarao Mukkamala, M.D., performed an independent medical evaluation of Ms. Johns on June 12, 2014. Dr. Mukkamala noted in his evaluation that the compensable condition was neck sprain. His diagnosis was cervical sprain and he found that Ms. Johns was at maximum medical improvement. He opined that she required no further treatment for the compensable injury and assessed 8% whole person impairment.

A final independent medical evaluation was performed by Paul Bachwitt, M.D., on December 18, 2014. Dr. Bachwitt noted the compensable condition of cervical sprain/strain, specifically referring to a September 20, 2013, Order of the claims administrator. Dr. Bachwitt opined the case was properly closed for temporary total disability benefits. He noted that most of Ms. Johns's symptoms were related to old arthritic changes and a motor vehicle accident she was in at age nineteen. He opined that her simple cervical sprain was superimposed on pre-existing degenerative changes which should have resolved within two to three months. He further opined that it was appropriate to deny the request for a pain clinic and neurosurgical referral. He found that she had no particular areas of tenderness or findings that could be treated by a pain clinic nor did she have any clinical findings of an operative disc lesion that would need neurosurgical treatment. He assessed 8% impairment.

The claims administrator closed the claim for temporary total disability benefits on August 13, 2014. The Office of Judges affirmed the decision in its May 19, 2015, Order. It found that Ms. Johns did not establish by a preponderance of the evidence that the claim was improperly closed for temporary total disability benefits. The Office of Judges found that the claims administrator stated in its August 13, 2014, decision that the claim was closed as Ms. Johns had not presented evidence showing that she continued to be totally disabled. However, per a second claims administrator decision dated August 13, 2014, she was granted an 8% permanent partial disability award. Thus, the Office of Judges concluded the claim was closed

for temporary total disability because she had reached maximum medical improvement for the compensable injury.

The Office of Judges noted that no Orders or decisions were submitted regarding the compensable injury in the claim. However, per the reports of Drs. Mukkamala and Bachwitt, the compensable condition is a cervical sprain. Dr. Bachwitt in particular, specifically referenced a September 20, 2013, claims administrator decision which held the claim compensable for cervical sprain/strain. Based upon the evidence, the Office of Judges found that the claim was appropriately closed for temporary total disability benefits. Ms. Johns had reached maximum medical improvement as determined by both Drs. Mukkamala and Bachwitt in their independent medical investigations. Further, their opinions were supported by West Virginia Code of State Rules § 85-20-35.5 (2006), which states that cervical sprain/strains are expected to resolve within eight weeks.

Furthermore, the Office of Judges determined that if Ms. Johns is unable to return to work or is not at maximum medical improvement, it is because of conditions which are not compensable. The Office of Judges found that per the April 14, 2014, MedExpress report, that Ms. Johns's job restrictions were due to radiculopathy, neck pain, and cervical disc displacement, none of which are compensable conditions. In the April 29, 2014, MedExpress report, Dr. Ferrell requested a neurosurgery consultation based on her symptoms and MRI. The only post-injury MRI was performed on January 16, 2014, and revealed mild degenerative changes, osteophyte disc complex at C2-3, a small disc protrusion at C5-6, and a small annulus tear at C6-7. The Office of Judges lastly determined that Ms. Johns requested a reopening of her claim based upon the diagnosis of cervical radiculopathy. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on February 3, 2016.

After review, we agree with the reasoning of the Office of Judges and conclusions of the Board of Review. Ms. Johns has requested temporary total disability benefits for conditions that have not been held compensable in this claim. She had serious pre-existing degenerative changes and cervical spine conditions that are not related to the compensable injury. She sustained a simple cervical sprain/strain as a result of her compensable injury, which should have resolved long ago.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: February 3, 2017**

**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Elizabeth D. Walker

**DISSENTING:**
Justice Menis E. Ketchum